AO 91 (Rev. 11/11)  Criminal Complaint

United States District Court
Southern District Of Texas
FILED

NOV 25 2019

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. M-19-2889-M |
| 1. Porfirio Luciano-Garcia (1976/MX) | ) | |
| 2. Maribel Gasser-Castillo (1990/MX) | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 24, 2019__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 952 | Illegal Importation of a Controlled Substance / Approximately 11.32 Kilograms of Cocaine, a Schedule II Controlled Substance. |
| 21 USC § 963 | Conspiracy to Illegally Import a Controlled Substance / Approximately 11.32 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Approved AUSA Mike Mitchell
11/25/19

*Complainant's signature*

Nicholas C. Stott, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/25/2019

*Judge's signature*

City and state: McAllen, Texas

U.S. Magistrate Judge J. Scott Hacker
*Printed name and title*

## Attachment "A"

I, Nicholas C. Stott, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On November 24, 2019, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection (CBP) Office of Field Operations (OFO) at the Anzalduas Port of Entry (POE) in Mission, Texas. CBP Officers (CBPOs) detained Porfirio LUCIANO-Garcia (hereinafter LUCIANO), a citizen of Mexico, B1/B2 visa holder, and driver of the vehicle, and Maribel GASSER-Castillo (hereinafter GASSER), a citizen of Mexico, B1/B2 visa holder, and passenger in the vehicle, while attempting to enter the U.S. with approximately 11.32 kilograms (kg) of cocaine concealed within an aftermarket constructed concealed compartment in the front bumper area and under the rear seat of the passenger car they were occupying. LUCIANO and GASSER were accompanied by a minor child.

2. During primary inbound inspection, CBP Officers (CBPOs) obtained a negative oral declaration for fruits, food, alcohol, tobacco, drugs, weapons and currency over $10,000.00. from LUCIANO and GASSER. CBPOs referred LUCIANO, GASSER, the minor child and the vehicle to secondary inspection for an intensive examination.

3. During secondary inspection, a CBP K-9 narcotics detection team conducted a free air inspection which resulted in a positive alert for the odor of controlled substance(s) emanating from the vehicle. The vehicle was X-rayed, revealing anomalies in the front bumper and rear seat area of the vehicle.

4. A physical search of the vehicle was conducted, and 10 tape wrapped, grease lined and vacuum sealed packages, weighing approximately 11.32 kilograms, were discovered concealed within aftermarket constructed concealed compartments in the front bumper and under the rear seat of the vehicle, where the minor child was seated. CBPOs field tested the substance inside the packages which was presumptive positive for the properties and characteristics of cocaine.

5. Homeland Security Investigations (HSI), Special Agents (SA) responded to the Anzalduas POE to assist in the investigation. HSI SAs interviewed LUCIANO who, after providing several inconsistent and false statements, stated he was hired by an unknown person in Mexico and to be paid $800.00 USD to transport what he was told to be United States currency from the United States into Mexico. However, LUCIANO stated he suspected he was in reality transporting drugs into the United States. LUCIANO also stated his wife, GASSER, was aware of the smuggling event. SAs interviewed GASSER, who, after providing several inconsistent and false statements, stated she was told they were transporting United States currency from the United States into Mexico, but also suspected they were in actuality transporting drugs into the United States. GASSER stated they were being paid to complete the smuggling events and she accompanied LUCIANO to make the smuggling attempt seem less suspicious. Both LUCIANO and GASSER admitted to making several previous trips into the United States for the purpose of smuggling.